UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GISC INSURANCE AGENCY, INC., | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:13-CV-01728 (VLB) |
| | : | |
| v. | : | |
| | : | |
| RICHARD H. PERRYMAN, | : | |
|     Defendant. | : | August 14, 2014 |

**MEMORANDUM OF DECISION DENYING DEFENDANT'S [Dkt. 12] MOTION TO DISMISS FOR LACK OF JURISDICTION**

I. Introduction

The Plaintiff, GISC Insurance Agency, Inc. ("GISC") has brought this action against Defendant Richard H. Perryman, a former employee, alleging Perryman's breach of contract and breach of the implied covenant of good faith and fair dealing stemming from the parties' employment relationship. Mr. Perryman, proceeding *pro se*, has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) based on GISC's alleged failure to have met the $75,000 minimum amount in controversy necessary for this Court to exercise subject matter jurisdiction and based on GISC's alleged lack of injury such that standing exists, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons that follow, Defendant's Motion to Dismiss is DENIED.

II. Background

GISC, a Massachusetts corporation, filed this action against Perryman, a Connecticut resident, on November 19, 2013, invoking the Court's jurisdiction

1

based on diversity of citizenship.  [Dkt. 1, Compl. ¶¶2-4].  GISC's complaint alleges that on October 9, 2012, GISC and Perryman executed an Employment Agreement providing, in part, that Perryman "agrees that employment with GISC is a <u>full time commitment</u> and that [he] will devote [his] full and exclusive working time and efforts on behalf of GISC."  [*Id.* at ¶¶5,6; dkt. 1-1, Emp. Ag. ¶1].  The question presented is whether GISC has sufficiently pled that the amount in controversy is sufficient.

After executing the Employment Agreement and while still employed by GISC, Mr. Perryman became employed with Safeco Insurance Company.  [Dkt. 1, Compl. ¶7].  GISC contends that Perryman materially breached the Employment Agreement by failing to exclusively commit himself to full-time employment with GISC and instead accepting concurrent employment with Safeco, and that he has also breached the covenant of good faith and fair dealing, resulting in the deprivation of the entire benefit of GISC's bargain with Perryman.  [*Id.* at ¶¶16, 20].

Perryman does not dispute the existence of the Employment Agreement and in fact admits in his motion to dismiss that he received an offer of employment from Safeco on December 19, 2012, and began his employment with Safeco on January 15, 2013, while still employed with GISC.  [Dkt. 12, D's MTD, ¶3.b].  The Employment Agreement between GISC and Perryman contains only restrictive covenants and no information as to Perryman's salary or entitlement to commissions.  GISC alleges, however (and Perryman admits), that Perryman was paid a yearly salary of $67,500 and was eligible to earn sales commissions equal

2

to twenty percent of the net revenue to GISC from sales he made.  [Dkt. 1, Compl. ¶8].  GISC provided Perryman with a cellular phone and a gasoline credit card during his employment with GISC, and was eligible for various employee benefits.  GISC also paid the cost for Perryman to obtain his insurance broker's license in Connecticut.  [*Id.* at ¶¶9-11].  On or about September 19, 2013, GISC terminated Perryman's employment due to his failure to complete any sales.  [*Id.* at ¶12].

### III. Legal Standard

#### a. Diversity Jurisdiction

"Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other."  *Hagans v. Lavine*, 415 U.S. 528, 538 (1974).  Jurisdiction must be established as a "threshold matter," a requirement that "spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (internal quotation marks and citation omitted).  Unlike state courts, which are courts of general jurisdiction, federal courts are courts of limited jurisdiction possessing only that power authorized by the Constitution and by statute.  *Mims v. Arrow Fin. Servs, LLC*, 132 S. Ct. 740, 747 (2012); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); U.S. CONST. art. III, § 2.  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) the Court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n. 4 (2d Cir. 2007).  *See also Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings"); *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (holding same).

Federal district courts have original jurisdiction over "all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."  *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)).  This burden is not onerous, as there exists a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy."  *Scherer*, 347 F.3d at 397.  "To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold."  *Id.*  "[T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim."  *Id.* (quoting *Chase Manhattan Bank, N.A. v. Am. Nat. Bank*

*and Trust Co. of Chicago*, 93 F.3d 1064, 1070–71 (2d Cir. 1996)).  "[E]ven where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted."  *Scherer*, 347 F.3d at 397 (quoting *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982)).

Although the determination of the amount in controversy presented by state law causes of action is a federal question, federal courts "look to state law to determine the nature and extent of the right to be enforced."  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961); *Parola v. Citibank (S. Dakota), N.A.*, 3:11-CV-1017 VLB, 2011 WL 5374146 (D. Conn. Nov. 8, 2011).  "The jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits."  *Marchig v. Christie's Inc.*, 430 F. App'x 22, 25 n. 5 (2d Cir. 2011) (quoting *Zacharia*, 684 F.2d at 202).  Consequently, affirmative defenses asserted on the merits may not be used to reduce an amount in controversy.  *Scherer*, 347 F.3d at 397 ("Even where the complaint itself discloses the existence of a valid defense, we have declined to consider it in determining whether the jurisdictional threshold is met.").

    b. <u>Standing</u>

Article III of the Constitution dictates that the jurisdiction of federal courts is limited to the resolution of "cases" and "controversies."  U.S. Const. art. III, § 2; *Selevan v. New York Thruway Auth.*, 584 F.3d 82, 89 (2d Cir. 2009); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012).  "This limitation is 'founded in concern about the proper—and properly limited—role of the courts in a

5

democratic society.' " *Mahon*, 683 F.3d at 62 (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).  "[W]hether the plaintiff has made out a 'case or controversy' between himself and the defendant ... is the threshold question in every federal case, determining the power of the court to entertain the suit." *Id.* at 62 (quoting *Warth*, 422 U.S. at 498).  "[T]o ensure that this bedrock case-or-controversy requirement is met, courts require that plaintiffs establish their standing as the proper part[ies] to bring suit." *Selevan*, 584 F.3d at 89 (internal quotation marks and citation omitted).

To establish the existence of a case or controversy, and thereby standing to bring an action, a plaintiff must demonstrate "(1) injury-in-fact, which is a 'concrete and particularized' harm to a 'legally protected interest'; (2) causation in the form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief." *Id.* at 89 (citations omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The party invoking federal jurisdiction bears the burden of establishing these elements.  *Lujan*, 504 U.S. at 561.  If a party cannot establish these elements and thus lacks standing, then a court has no subject matter jurisdiction over the claim and may not hear it.  *Mahon*, 683 F.3d at 62.

    c. <u>Failure to State a Claim</u>

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

6

face.'" *Sarmiento v. U.S.*, 678 F.3d 147 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

7

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005)(MRK).

### IV. Analysis

#### a. Diversity Jurisdiction

Perryman has moved to dismiss on the basis of jurisdiction for GISC's failure to allege a minimum amount of $75,000 in controversy. GISC's complaint alleges that Perryman was paid salary, benefits, and perquisites exceeding the $75,000 threshold. This includes Perryman's salary of $67,500 per year, his eligibility to earn sales commissions equal to twenty percent of the net revenue to GISC from sales he made, his cell phone and gasoline credit card expenses, employee benefits, and insurance broker's license fee. [Dkt. 1, Compl. ¶¶8-11]. GISC has not included expenses relating to unemployment or workers compensation taxes. In moving to dismiss for lack of jurisdiction, Perryman attached his year 2013 Form W-2 stating that GISC paid him $49,326.85 in 2013. He also asserts that he received less than $1,000 in cell phone and fuel expenses

and opted out of all health, medical, and other benefits offered by GISC, which he contends demonstrates that the amount in controversy does not total $75,000. [Dkt. 12, MTD ¶3.a]. In opposition to Perryman's motion to dismiss, GISC argues that Perryman has failed to demonstrate to a legal certainty that the amount in controversy is less than the jurisdictional minimum, where the complaint avers in good faith that the amount in controversy exceeds $75,000. GISC asserts that it is entitled to incidental damages including the entirety of the wages it paid to Perryman (not solely the wages paid during the period of his breach), pay roll taxes GISC paid on his behalf, fees paid to a recruiting firm, cell phone and gas expenses, and licensing fees, as well consequential damages including the revenues that GISC could reasonably have anticipated to have generated from a reasonably productive salesperson. [Dkt. 13, Opp to MTD, pp.2-3].

GISC has sufficiently demonstrated that the amount in controversy exceeds the minimum threshold of $75,000 such that this Court must exercise diversity jurisdiction. The motion to dismiss for lack of jurisdiction is thus DENIED. At this stage in the proceedings, GISC needs only a good faith belief in facts constituting jurisdiction. *See Scherer*, 347 F.3d at 397 (there exists a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy."). GISC need not enumerate the legal theory upon which it is entitled to seek the entirety of the salary it paid to Perryman rather than the salary paid to Perryman during the time of his breach. It is conceivable that GISC could demonstrate – and it is entitled to the opportunity to present facts tending to prove – that it was damaged by

9

Perryman's conduct in anticipation of and in preparation for his actual breach. GISC is also entitled to introduce facts to establish that it is entitled to recover both the salary paid to Perryman and the commission it would have paid to Perryman had Perryman devoted all of his efforts to his employment with GISC and not breached the Employment Agreement as alleged.  Consequently, while Perryman has called into question the Court's jurisdiction, he has not overcome the presumption of jurisdiction by showing to a legal certainty that GISC did not suffer damages in excess of $75,000.

      b. <u>Article III Standing and Failure to State a Claim</u>

Perryman further argues that this action must be dismissed because GISC has failed to plead sufficient facts to state a claim to relief that is plausible on its face, and has failed to establish that it has suffered an injury such that standing exists.  Perryman, however, has not explained which cause of action he believes to be insufficiently pled, nor in what ways he believes GISC's complaint fails to state a claim, making his request for dismissal deficient on its face and rendering this Court unable to give credence to his arguments.  Even if Perryman had articulated his reasons for dismissal, however, GISC has sufficiently pled its two causes of action and Perryman's motion to dismiss must be DENIED.

Under Connecticut law, the elements of a breach of contract cause of action are "the formation of an agreement, performance by one party, breach of the agreement by the other party and damages."  *Rosato v. Mascardo*, 82 Conn. App. 396, 411 (Conn. App. Ct. 2004).  GISC's complaint clearly asserts that GISC

10

and Perryman executed an Employment Agreement governing the parties' employment relationship, thus satisfying the first element.  GISC alleges that it employed Mr. Perryman, that it paid to Perryman a salary and perquisites related to his employment, and that it has fully performed under the Employment Agreement, thus satisfying the second element.  As to the element of breach, the complaint alleges that Perryman materially breached the Employment Agreement by failing to exclusively commit himself to full-time employment with GISC and concurrently becoming employed with Safeco Insurance Company.  Indeed, Perryman has admitted that he accepted employment with Safeco on or about January 14, 2013, while still employed by GISC.  GISC has thus met the third required element in its breach of contract claim.  GISC has also sufficiently alleged that it has suffered monetary damages from Perryman's breach, as discussed previously, thus satisfying the fourth element.  As GISC has satisfied the four required elements of a breach of contract claim, this claim remains active.

GISC has also sufficiently pled its claim for breach of the implied covenant of good faith and fair dealing.

> [T]he ... duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship.... In other words, every contract carries an implied duty requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement.... The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term.

11

*Renaissance Mgmt. Co., Inc. v. Conn. Hous. Fin. Auth.*, 281 Conn. 227, 240 (Conn. 2007) (quoting *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 269 Conn. 424, 432–33 (Conn. 2004)). "To constitute a breach of [the implied covenant of good faith and fair dealing], the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." *Renaissance Mgmt. Co., Inc.*, 281 Conn. at 240; *Capstone Bldg. Corp. v. Am. Motorists Ins. Co.*, 308 Conn. 760, 795 (Conn. 2013) (same). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.... Bad faith means more than mere negligence; it involves a dishonest purpose." *Capstone Bldg. Corp.*, 308 Conn. at 795; *TD Bank, N.A. v. J & M Holdings, LLC*, 143 Conn. App. 340, 348 (Conn. App. Ct. 2013) (same).

GISC has alleged that the parties entered into the Employment Agreement on or about October 9, 2012 and that, barely three months later, Perryman commenced employment with Safeco, in alleged breach of the explicit terms of the Employment Agreement. Given the temporal proximity of the Agreement's formation and Perryman's alleged breach, it is reasonable to conclude that Perryman knowingly neglected or refused to honor the obligation to devote his full and exclusive working time and efforts on behalf of GISC. The Court declines to dismiss this cause of action pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Buckman v. People Express, Inc.*, 205 Conn. 166, 171 (1987) ("[B]ad faith is not

simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity ... it contemplates a state of mind affirmatively operating with furtive design or ill will.").

Lastly, as discussed previously, GISC has sufficiently alleged that it has been injured by Perryman's alleged breach of the Employment Agreement in that it has lost the benefit of its payments of Perryman's salary and other expenses associated with his employment, as well as losing sales revenue stemming from Perryman's failure to close any sales.  GISC has therefore sufficiently demonstrated its standing to bring this action and Perryman's motion to dismiss on this basis is DENIED.

V.      Conclusion

For the foregoing reasons, Defendant's [Dkt. 12] Motion to Dismiss the Complaint is DENIED.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 14, 2014

13