UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GISC INSURANCE AGENCY, INC.        ) | |
|     Plaintiff,                                      ) | |
|                                                            ) | CIVIL ACTION NO.: |
| v.                                                         ) | 3:12-CV-01728-VLB |
|                                                            ) | |
| RICHARD H. PERRYMAN             ) | |
|     Defendant.                                  ) | |
|                                                            ) | |

**FORM 26(F) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:            November 19, 2013

Date Complaint Served:         December 13, 2013

Date of Defendant's Appearance:    February 3, 2014

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on August 22, 2014.  The participants were Christopher A. Callanan, counsel for the plaintiff GISC Insurance Agency, Inc. and Richard H. Perryman, the defendant who is proceeding *pro se* in the matter.

**I.     Certification.**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.	Jurisdiction.**

*A. Subject Matter Jurisdiction.*

The matter is a common law action for breach of contract and breach of the implied contractual duty of good faith and fair dealing. Jurisdiction in this Court is based on the diversity of the parties and the finding by the Court (after challenge by the defendant) that there is a sufficient amount in controversy to support diversity jurisdiction.

*B. Personal Jurisdiction.*

This Court's personal jurisdiction over the plaintiff, a Connecticut resident is not disputed.

**III.  Brief Description of the Case.**

The plaintiff claims that it entered an agreement with the defendant on October 9, 2012 regarding the terms and conditions of the defendant's employment with the plaintiff. The agreement provided that the defendant "agrees that employment with GISC is a full-time commitment and that [he] will devote [his] full and exclusive working time and efforts on behalf of GISC." At some point in time, Perryman became employed by Safeco Insurance Company which the plaintiff alleges was in violation of the clear and unambiguous terms of his employment relationship. GISC terminated Perryman's employment on or about September 19, 2013. GISC alleges that Perryman's material breach of the employment agreement caused it financial harm in the form of anticipatory, actual and consequential damages.

Mr. Perryman alleges that he did not deprive GISC of the benefit of its bargain. Mr. Perryman further alleges that GISC has not suffered actual damages and that its claims for damages cannot be ascertained with reasonable certainty.

**IV. Undisputed Facts**.

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following facts are undisputed:

1. GISC Insurance Agency, Inc. is a Massachusetts corporation with a principal place of business at 20 Winter Street, Pembroke, Massachusetts.

2. Richard H. Perryman is an adult resident of the State of Connecticut who resides at 43 Bucks Xing, Tolland, Connecticut.

3. On or about October 9, 2012, GISC and Perryman executed an "Employment Agreement," a true and accurate copy of which was attached as Exhibit "A" to the plaintiff's Complaint.

4. On or about September 19, 2013, GISC terminated Perryman's employment.

**V. Case Management Plan:**

*A. Standing Order on Scheduling in Civil Cases.*

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

- Deadline for Motions to Join Additional Parties:  November 1, 2014;
- Deadline for Motions to Amend Pleadings: December 1, 2014;
- Deadline to Exchange Rule 26 Disclosures:  October 1, 2014;
- Discovery Deadline:  March 1, 2015;
- Dispositive Motions Filed:  April 15, 2015.

*B.  Scheduling Conference with the Court.*

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

*C.  Early Settlement Conference.*

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by the use of mediation/ early settlement conference.

2.  The parties request an early settlement conference.

3.  The parties prefer a settlement conference with the presiding judge or a magistrate judge.

4.  The parties are also amenable to a referral to alternative dispute resolution (mediation) pursuant to D. Conn. L. Civ. R. 16.

*D.  Joinder of Parties and Amendment of Pleadings.*

1.  Plaintiff should be allowed until November 1, 2014 to file motions to join additional parties and until December 1, 2014 to file motions to amend the pleadings.

2.  Defendant should be allowed until November 1, 2014 to file motions to join additional parties and until September 15, 2014 to file a response to the complaint.

*E. Discovery.*

   a.  The parties anticipate that discovery will be needed on the following subjects:
   - the facts and circumstances of the plaintiff's alleged breach of his agreement by becoming employed with Safeco Insurance Company;
   - the nature and value of the anticipatory, actual and consequential damages to the plaintiff as a result of the defendant's alleged breach.

4

b.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by October 1, 2014 and completed (not propounded) by March 1, 2015.

c.  Discovery will not be conducted in phases.

d.  Discovery on all issues will be completed by March 1, 2015.

e.  The parties anticipate that the plaintiff will require a total of 4 depositions of fact witnesses and that the defendant will require a total of 4 depositions of fact witnesses.  The depositions will commence by October 1, 2014 and be completed by March 1, 2015.

f.  The parties will not request permission to serve more than 25 interrogatories.

g.  At this time the plaintiffs do not intend to call expert witnesses at trial. In the event that discovery develops in such a way that the plaintiffs believe expert testimony is required they will promptly consult with the defendant about a schedule for expert discovery and will propose a schedule to the Court for expert discovery.

h.  Defendants do not intend to call expert witnesses at trial.

i.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 1, 2015.

j.  Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

k.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including the procedures for asserting privilege claims after production.

*F.  Dispositive Motions.*

Dispositive motions will be filed on or before April 15, 2015.

*G.  Joint Trial Memorandum.*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 15, 2015.

VI.  TRIAL READINESS.

The case will be ready for trial by May 15, 2015.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

Plaintiff,

By:  /s/ Christopher A. Callanan                     Date:  August 28, 2014


The undersigned pro se parties certify that they will cooperate with all other parties, counsel of record and the Court to promote the just, speedy and inexpensive determination of this action.

Defendant,

By:  /s/ Richard H. Perryman                     Date: August 28, 2014